IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KIMBERLY J. EIDE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:15-cv-00368 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Kimberly J. Eide, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 to challenge her criminal judgment entered by the Circuit

Court for Roanoke County.  This matter is before the court for preliminary review, pursuant to

Rule 4 of the Rules Governing § 2254 Cases.  After reviewing the record, the court dismisses the

petition as time barred.

I.

On December 5, 2006, the Circuit Court for Roanoke County sentenced Eide to more than

fifty-five years' incarceration for, *inter alia*, second-degree murder.  Eide appealed unsuccessfully

to the Court of Appeals of Virginia, and the Supreme Court of Virginia refused her subsequent

appeal on November 30, 2011.  *Eide v. Commonwealth*, No. 120502, slip op. (Nov. 30, 2011).

Eide did not appeal that decision to the Supreme Court of the United States.

On July 8, 2013, Eide filed a petition for a writ of habeas corpus with the Circuit Court of

Roanoke County.  That court ultimately dismissed the habeas petition, and on March 13, 2014, the

Supreme Court of Virginia refused Eide's petition for appeal.[1] *Eide v. Baskerville*, No. 132018, slip op. (Va. Mar. 13, 2014).

Eide filed the instant petition on June 30, 2015. *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Eide that the petition appeared to be untimely filed, and provided her the opportunity to explain why the court should consider it timely filed. Eide argues in response that she filed her habeas petitions as quickly as possible despite limited access to legal materials.

II.

Habeas petitions filed under § 2254 are subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1).[2] The applicable period for the instant petition began to run from the date on which the judgment became final.[3] 28 U.S.C. § 2244(d)(1)(A); *see United States v. Clay*, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year limitations period is tolled while a convict's "properly filed application for State

---

[1] Eide appealed the Supreme Court of Virginia's refusal to the Supreme Court of the United States, but an appeal of a state habeas decision to the Supreme Court of the United States does not affect the limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007).

[2] The one-year period begins to run on the latest of four dates:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[3] Eide did not argue timeliness under subsections (B) through (D).

post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 559-60 (2011) (discussing proceedings that qualify as collateral review).

Eide's § 2254 petition is untimely under § 2244(d)(1)(A). Eide's convictions became final in February 2012 when the time expired for Eide to petition the Supreme Court of the United States to review her criminal proceedings ninety days after November 30, 2011 when the Supreme Court of Virginia refused her appeal. *See* U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of the judgment being appealed). Thus, by February 2013, Eide was required to file either a federal habeas petition or a state habeas petition that would toll the federal statute of limitations. She did not file her state petition until July 2013, which was after the federal limitations period had already expired. Because the limitations period had already expired by the time Eide filed her state habeas petition, tolling under 28 U.S.C. § 2244(d)(2) does not apply. *See, e.g.*, *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive a period of limitations that had already expired). Eide did not file the instant petition within one year of when her criminal convictions became final.

Equitable tolling is available only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks omitted) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing [her] rights diligently, and . . . some extraordinary circumstance stood in [her] way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

3

Eide's lack of knowledge about legal process or the statutory deadline for federal habeas

relief does not support granting such extraordinary relief. *Harris*, 209 F.3d at 330. Furthermore,

the court does not find any extraordinary circumstances in this record that prevented Eide from

filing a timely petition. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting

that *pro se* status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*,

177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or *pro se*

status does not toll limitations period). Accordingly, Eide is not entitled to equitable tolling. She

filed her federal habeas petition more than one year after the judgment became final, and the

petition must be dismissed. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (recognizing a

district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite

showing of timeliness after the court notifies petitioner that the petition appears untimely and

allows an opportunity to provide any argument and evidence).

III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as

time barred. Because the court rejects the petition solely on procedural grounds, Eide is entitled to

a certificate of appealability only if she shows both "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see* 28 U.S.C. § 2253(c). Eide has

not made the requisite showing, because jurists of reason would not debate that her petition should

4

be dismissed as untimely.  Accordingly, a certificate of appealability is denied.

Entered: October 23, 2015.

*Elizabeth K. Dillon*
United States District Judge