IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KIMBERLY J. EIDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-cv-00368 |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Respondent. | ) | |

**ORDER**

On October 23, 2015, the court dismissed petitioner Kimberley J. Eide's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely filed. (Dkt. No. 9.) On November 27, 2015, the court received Eide's motion for reconsideration of the memorandum opinion and order dismissing the petition. (Dkt. No. 10.) Eide cites a clerical error in the memorandum opinion stating that she was sentenced on December 5, 2006, instead of April 20, 2011. Pursuant to Federal Rule of Civil Procedure 60(a), the court will enter a memorandum opinion *nunc pro tunc* correcting the error. *See, e.g.*, *Miller v. Transamerica Press*, *Inc*., 709 F.2d 524, 527 (9th Cir. 1983) (equating relief under Rule 60(a) as a change *nunc pro tunc*).

Eide's motion for reconsideration of the dismissal order is nevertheless DENIED because the sentencing date does not affect the date upon which her convictions became final to determine the petition's timeliness. *See, e.g.*, 28 U.S.C. § 2244(d)(1)(A) (fixing a one-year limitations period from when a conviction becomes final); *United States v. Clay*, 537 U.S. 522, 524 (2003) (describing when a conviction becomes final). The Circuit Court for Roanoke County sentenced Eide on April 20, 2011. After the Court of Appeals of Virginia affirmed her convictions, the Supreme Court of Virginia refused her direct appeal on November 30, 2011.

She did not petition the Supreme Court of the United States for a writ of certiorari, and thus her convictions became final on February 28, 2012.  She filed her state habeas petition in July 2013, more than a year after her convictions became final.  She does not demonstrate any valid basis to reconsider the dismissal, and her federal habeas petition will remain dismissed as untimely filed.

It is so ORDERED.

ENTERED: December 14, 2015.

*Elizabeth K. Dillon*
United States District Judge

2

Case 7:15-cv-00368-EKD-RSB   Document 12   Filed 12/14/15   Page 2 of 2   Pageid#: 177